## WILLIAM G. KASE, Admr.

*v.*

## SARAH PAINTER.

MARRIED WOMAN—*right to recover for her earnings.* A married woman may recover in her own name for her services rendered since the passage of the act of 1869, giving her earnings to her, but not for services rendered before that law took effect.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a claim filed by Sarah Painter against the estate of Ruth McLaughlin, deceased, for services rendered the deceased both prior to and since the act of 1869, giving married women their earnings. The claim was originally filed in the county court, and taken by appeal to the circuit court. The claimant was a married woman.

In the circuit court, the claimant, by leave of court, filed the following amended account:

*Estate of Ruth McLaughlin,*

*To Sarah Painter,*      *Dr.*

For housework and housekeeping for deceased
during 1868 and 1869, at $250 per annum...  $500.00
Nursing and constant attention during sickness to
time of death, from March 15, 1870, to June 6,
1871, 64 weeks, at $20 per week.............  1280.00

For food and board furnished during last named
period........ .................................. $160.00
For cleaning house after death, and taking care of
furniture after death, to day of administrator's
sale..................................... 42.00

Total due................... $1982.00

A trial was had, resulting in a verdict and judgment in
favor of the claimant for $1056. and costs. from which judg-
ment the administrator of the estate prosecutes this writ of
error.

Mr. WILLIAM G. KASE, and Messrs. WILDERMAN & HAM-
ILL, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There is but a single point of law raised on this record,
and that is, as to the services claimed to have been rendered
prior to 1869. In that year a law was passed by the General
Assembly giving the earnings of a wife to the wife. The
plaintiff in this action was a married woman at the time the
services were rendered to the deceased in 1869, but. elimina-
ting from the amount claimed these earnings, there is proof
sufficient to sustain the verdict. as rendered.

It is urged, the verdict is contrary to the evidence. We
can not say this. There was conflicting testimony. and we
can not say the jury erred in settling the matter as they did.
They had a better opportunity to judge of the testimony than
we can have. There is no doubt plaintiff rendered important
services to this feeble old lady, and should have reasonable
compensation therefor. The jury have thought the amount
they have allowed was reasonable, under the evidence, and
we can not say they have so erred as to justify the interfer-
ence of this court.

The judgment is affirmed.

*Judgment affirmed.*